BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | 2:14-CR-00067 TLN<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING REAL PROPERTY AT 5231 PLEASANT DRIVE, SACRAMENTO, CA |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioners OneWest Bank, N.A. (hereinafter "OneWest" or "petitioner") and California Bank & Trust, N.A. (hereinafter "California Bank & Trust" or "petitioner"), to compromise and settle their interest in the real property located at 5231 Pleasant Drive, Sacramento, CA, Sacramento County, APN: 016-0272-014-0000 and more fully described in Exhibit B attached hereto, and to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

1. On August 1, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered into between plaintiff and defendant Deepal Wannakuwatte forfeiting to the United States the property listed in Exhibit A attached hereto.

2. Beginning on November 1, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site

www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  The Declaration of Publication was filed on December 16, 2014.

3.  In relation to this real property, the United States of America completed direct written notice by certified mail to:

   a) Betsy Wannakuwatte
   b) OneWest Bank
   c) Fireman's Fund Mortgage Corporation
   d) Michael Solomon, c/o The 1994 Russell and Doris Solomon Family Trust

4.  On September 18, 2014, California Bank & Trust filed a timely petition alleging an interest in the real property located at 5231 Pleasant Drive, Sacramento, CA, Sacramento County, APN: 016-0272-014-0000 (the "property"), alleging as follows:

   a.  Petitioner is the holder of a Promissory Note ("the Note") secured by a Deed of Trust on the property.  The Note and Deed of Trust were signed by defendant Deepal Wannakuwatte and his wife, Betsy Wannakuwatte, on or around September 1, 2005.  The Deed of Trust was later recorded in the recorder's office of the County of Sacramento, California, as document number 20051202-1360.

   b.  Defendant Deepal Wannakuwatte obligated himself under the Note in exchange for a loan in the amount of $144,000, with repayment terms at variable interest (starting at 6.500%) over a period of 120 months.  Defendant thereafter made various payments on the Note such that the balance due thereunder as of May 30, 2014 was $146,440.12.

5.  On October 30, 2014, petitioner OneWest filed a timely amended petition alleging an interest in the property as follows:

   a.  Petitioner is the holder of a AML With Payrate Note Secured by Deed of Trust ("the Note") and Non-Construction Deed of Trust and Assignment of Rents Adjustable Interest Rate Loan (the "Deed of Trust") on the property.  On or about December 11, 2003, defendant Deepal Wannakuwatte and his wife Betsy Wannakuwatte executed and delivered to First Federal Bank of California ("FFB") the Note in the principal amount of $567,000.  The Note has two allonges attached to it.  The first allonge reads: "Without Recourse Pay to the Order of: OneWest Bank, FSB", and then states

"Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank, Santa Monica, CA." The second allonge states "Without Recourse Pay to the Order of: _____" and then states "OneWest Bank, FSB." Each allonge specifically identifies the Note through its Loan No. 49430012.

      b.    The Note was and is secured by the Deed of Trust, recorded on December 18, 2003 as instrument No. 20031219-1476, in the official records of Sacramento County, California. On or about December 18, 2009, FFB failed and the FDIC was appointed receiver. The FDIC endorsed the Note to petitioner OneWest as evidenced by the allonges to the Note. Additionally, OneWest acquired certain rights to the loan pursuant to that certain Purchase and Assumption Agreement, dated February 19, 2010 between FDIC and OneWest. On April 23, 2010, the FDIC assigned the Deed of Trust through the Corporate Assignment of Deed of Trust.

      c.    The loan was a thirty year monthly adjustable interest rate loan. The defendant's last payment was made on February 18, 2014. As of October 27, 2014, the unpaid principal amount was $495,150.72. As of October 20, 2014, the loan balance, including principal, interest, fees, and costs, was $509,226.69. Interest will continue to accrue under the Note at a rate of 4.27%. Fees, costs, and other expenses continue to accrue in connection with this loan. The Note has been in default since March 1, 2014.

6.    No other parties have filed petitions in this matter regarding this property, and the time in which any person or entity may file a petition has expired.

7.    The parties hereby stipulate that OneWest and California Bank & Trust are lien holders on the property. OneWest and California Bank & Trust have a legal right, title, or interest in the property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Wannakuwatte at the time of the commission of the acts which give rise to the forfeiture of the property. *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)). The parties further stipulate, however, that Deepal Wannakuwatte has an ownership interest in the property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

8.     The parties agree that the sale of the property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property.  Any and all personal possessions not removed within thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.  The U.S. Marshals Service shall promptly notify each petitioner's undersigned counsel of the following: (1) execution of any purchase agreement for the property; (2) estimated close of escrow date; and (3) notice of when the funds disbursement will be made.

9.     The United States agrees that upon entry of this Final Order of Forfeiture and sale of the property pursuant to this Final Order of Forfeiture, the United States will not contest payment to OneWest and California Bank & Trust from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the property, the following:

  a. All unpaid principal due to petitioner OneWest under the Deed of Trust recorded in the Sacramento County, California, Official Records as instrument number 20031219-1476, recorded on December 18, 2003.  Said Deed of Trust is secured by a AML With Payrate Note Secured by Deed of Trust ("the Note") in the principal amount of $567,000 dated December 11, 2003.  As of October 27, 2014, the principal balance due and owing on the Note was $495,150.72.  As of October 20, 2014, the loan balance, including principal, interest, fees, and costs, was $509,226.69.

  b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

  c. The exact amount to be paid to OneWest shall be determined at the time of payment, but shall not be less than the amounts set forth above.

  d. All unpaid principal due to petitioner California Bank & Trust under the Deed of Trust recorded in the Sacramento County, California, Official Records as instrument number 20051202-1360, recorded on December 2, 2005.  Said Deed of

|     |     |
| --- | --- |
|     | Trust is secured by a Promissory Note ("the Note") in the principal amount of $144,000.00 dated September 1, 2005.  As of May 30, 2014, the balance due and owing on the Note was $146,440.12. |
| e. | All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment. |
| f. | Attorney's fees in the amount of $1,418.00. |
| g. | The exact amount to be paid to California Bank & Trust shall be determined at the time of payment, but shall not be less than the amounts set forth above. |
| h. | To the United States, all net proceeds from the sale of the property after the above disbursements to be forfeited to the United States and disposed of as provided for by law. |

10. The payment to petitioners OneWest and California Bank & Trust shall be in full settlement and satisfaction of all claims and petitions by them to the property, and of all claims arising from and relating to the detention and forfeiture of the property.  The payment to petitioners shall not include any penalty payments, including any prepayment penalties.

11. Upon payment, OneWest and California Bank & Trust agree to assign and convey their respective security or other interests to the United States via recordable documents.  All parties to this stipulation hereby release plaintiff United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 5231 Pleasant Drive, Sacramento, CA, Sacramento County.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. Petitioners agree not to pursue against the United States any other rights that they may have under the Promissory Notes and/or Deeds of Trust, including, but not limited to, the right to

foreclose upon and sell the property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

13. Petitioners understand and agree that by entering into this stipulation of their interest in the property, they waive any right to litigate further their ownership interest in the property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, petitioners shall be excused and relieved from further participation in this action.

14. Petitioners understand and agree that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioners are not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property. In either event, the United States shall promptly notify petitioners of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally, petitioners reserve the right to petition the Court for a modification of this order in the event it determines that the value of the subject property is at an amount which may not be sufficient to satisfy their liens.

15. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the property to the United States and to implement further the terms of this Stipulation.

16. Each party agrees to bear its own costs and attorneys' fees.

17. Payment to the petitioners pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

18. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

///

Stipulation for Final Order of Forfeiture
Regarding 5231 Pleasant Drive

19. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: 2/18/15                                      BENJAMIN B. WAGNER
                                                    United States Attorney

                                        By:         /s/ Kevin C. Khasigian
                                                    KEVIN C. KHASIGIAN
                                                    Assistant U.S. Attorney


Dated: 2/17/15                                      DYKEMA GOSSETT LLP


                                                    /s/ Gregory Jones for
                                                    J. KEVIN SNYDER
                                                    Attorney for petitioner OneWest Bank, N.A.


Dated: 2/13/15                                      LANPHERE LAW GROUP, P.C.


                                                    /s/ Michael A. Lanphere
                                                    MICHAEL A. LANPHERE
                                                    AARON B. FAIRCHILD
                                                    Attorneys for petitioners California Bank & Trust

                                                    (Signatures retained by attorney)


## ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.  All right, title, and interest of Betsy Wannakuwatte, Fireman's Fund Mortgage Corporation, and The 1994 Russell and Doris Solomon Family Trust to the property located at 5231 Pleasant Drive, Sacramento, CA, Sacramento County, APN: 016-0272-014-0000, is hereby extinguished.

SO ORDERED this 18th day of February, 2015.

                                                    _____
                                                    Troy L. Nunley
                                                    United States District Judge

**Exhibit A**

*Real Property located at*:

    1.    14 Fig Leaf Court, Sacramento, CA (Sacramento County), APN: 226-0360-024-0000;
    2.    1933 Richmond Street, Sacramento, CA (Sacramento County), APN: 279-0182-004-0000;
    3.    2120 22nd Avenue, Sacramento, CA (Sacramento County), APN: 018-0073-002-0000;
    4.    31660 County Road 27, Woodland, CA (Yolo County), APN: 050-110-004-000;
    5.    5111 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0153-024-0000;
    6.    5231 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0272-014-0000;
    7.    5131 S. Land Park Drive, Sacramento, CA (Sacramento County), APN: 016-0233-025-0000;
    8.    940 44th Street, Sacramento, CA (Sacramento County), APN: 008-0092-008-0000;
    9.    30562 Old Coast Road, Gold Beach, OR (Curry County), Map No. 36-15-25BB, Tax Lot No. 2000;
    10.    62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI (Hawaii County), Tax Map Key: (3) 6-2-019-029;
    11.    879 F Street, West Sacramento, CA (Yolo County), APN: 010-340-021-000;

*Vehicles described as*:

    12.    a 2008 Infiniti M45S, VIN: JNKBY01EX8M500746, CA Plate: 6GLR121;
    13.    a 2003 BMW X5 (Wagon), VIN: 5UXFB93513LN79937, CA Plate: 5ATD906;

*Financial Accounts described as*:

    14.    Approximately $150,000.00 held in a California Bank and Trust certificate of deposit, account number CD 1250006713;
    15.    Approximately $394.49 held in California Bank and Trust account number 12-501320-11, held in the name of Capital Sports Management, LLC;
    16.    Approximately $356.49 held in California Bank and Trust account number 12-501196-91, held in the name of Clover Ranch, LLC;
    17.    Approximately $625.23 held in California Bank and Trust account number 12-501336-81, held in the name of DBS Air, LLC;
    18.    Approximately $4,466.35 held in California Bank and Trust account number 12-502271-56, held in the name of Deepal S. and Betsy K. Wannakuwatte;
    19.    Approximately $84.22 held in California Bank and Trust account number 12-501646-46, held in the name of Deepal Wannakuwatte & David L. Gordon;
    20.    Approximately $2,056.86 held in California Bank and Trust account number 12-500901-81, held in the name of Jamestown Health & Medical Supply Co, LLC;
    21.    Approximately $76.02 held in California Bank and Trust account number 12-501039-39, held in the name of JTS Communities, Inc.;
    22.    Approximately $304.53 held in California Bank and Trust account number 12-501140-39, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
    23.    Approximately $38.51 held in California Bank and Trust account number 12-501273-61, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
    24.    Approximately $490.00 held in California Bank and Trust account number 12-501248-51, held in the name of Wannas Serendipity Charitable Foundation;
    25.    Approximately $44.23 held in East West Bank account number 26-140011985, held in the name of Deepal S. or Betsy K. Wannakuwatte;
    26.    Approximately $52.00 held in East West Bank account number 80-78001453, held in the name of Denniston DB, LLC;
    27.    Approximately $68,348.28 held in East West Bank account number 80-78001230, held in the name of International Manufacturing Group, Inc.;

28. Approximately $37,668.48 held in Farmers and Merchants Bank account number 31-014895-01, held in the name of International Manufacturing Group/dba Relyaid/dba Relyaid Tattoo Supply/dba Desco Dental;
29. Approximately $72.09 held in First Hawaiian Bank account number 67-806727, held in the name of Deepal S. & Betsy K. Wannakuwatte;
30. Approximately $134.45 held in North Valley Bank account number 4302004169, held in the name of International Manufacturing Group, Inc.;
31. Approximately $219.71 held in Bank of the West account number 246-000-760151, held in the name Betsy K. Wannakuwatte;
32. Approximately $3,280.74 held in Bank of the West account number 246-000-76078, held in the name Deepal S. Wannakuwatte;
33. Approximately $17,127.29 held in Bank of the West account number 023-487801, held in the name Olivehurst Glove Manufacturers LLC;
34. Approximately $27,212.22 held in American Funds/The Capital Group account number 62608177, held in the name Deepal Wannakuwatte;

*Insurance Policies described as*:

35. Cash value of Nationwide life insurance policy number 01-5097622, held in the name Deepal Wannakuwatte, valued at approximately $25,258.51;
36. Cash value of Nationwide life insurance policy number N100446510, held in the name Deepal and Betsy Wannakuwatte Irrevocable Trust, valued at approximately $24,831.08;
37. Cash value of Nationwide life insurance policy number N600006930, held in the name International Manufacturing Group, Inc., valued at approximately $104,469.67;

*Checks and Money Orders described as*:

38. Check number 1581 for $10,500.00 dated March 3, 2014, and made payable to Olivehurst Glove Manufacturing, LLC;
39. Check number 06331158 for $564.56 from the U.S. Treasury dated March 4, 2014, and made payable to Olivehurst Glove Manufacturers, LLC;
40. Check number 018012 for $600.00 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
41. Check number 015041 for $648.65 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
42. Check number 0097679894 for $1,300.00 dated April 10, 2014, and made payable to Betsy Wannakuwatte;
43. Personal money order number 7054012632 for $377.00 dated April 4, 2014, with "Pay to the order of" left blank;
44. Personal money order number 0036221324 for $755.00 dated April 4, 2014, and made payable to Betsy Wannakuwatte;

*Other Assets described as*:

45. River Bend Park Apartments, LLC; Entity Number: 201108810009;
46. 1235 Glenhaven Court, LLC, Entity Number: 201103210150; and
47. Cash value of any federal or state income tax refunds due in relation to any federal or state tax returns, either corporate or personal, filed by the defendant between 2002 and 2014.

## **Exhibit B**

The land is situated in the State of California, County of Sacramento, City of Sacramento, and described as follows:

Lot 93, of Noonan's South Land Park Terrace, according to the Official Plat thereof filed in the Office of the Recorder of Sacramento County, California on April 1, 1947, in Book 25 of Maps, Map No. 30.

APN: 016-0272-014-0000