BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEEPAL WANNAKUWATTE, <br><br> Defendant. | 2:14-CR-00067 TLN <br><br> STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING REAL PROPERTY AT 62-3955 KAUNAOA IKI ROAD, #6A, KAMUELA, HI |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioners BOFI Federal Bank (hereinafter "BOFI") and Robert Buccola  (hereinafter "Buccola") (BOFI and Buccola are hereinafter collectively referred to as "Petitioners"), to compromise and settle their interest in the real property located at 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI, Hawaii County, Tax Map Key: (3) 6-2-019-029 and more fully described in Exhibit B attached hereto, and to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

1. On August 1, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered into between the United States and defendant Deepal Wannakuwatte forfeiting to the United States the property listed in Exhibit A attached hereto.

2. Beginning on November 1, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site

www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  The Declaration of Publication was filed on December 16, 2014.

3. In relation to this real property, the United States completed direct written notice by certified mail to:

    a) Betsy Wannakuwatte
    b) Robert A. Buccola
    c) The Association of Apartment Owners of Hali'a Hale at Kauna'oa Condominium
    d) Mortgage Electronic Registration Systems, Inc.

4. On September 24, 2014, BOFI filed a Petition for Ancillary Hearing claiming a lien holder interest in the real property located at 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI, Hawaii County, Tax Map Key: (3) 6-2-019-029, all as is set forth more fully in BOFI's Petition for Ancillary Hearing. ECF No. 45.

5. On October 3, 2014, Buccola filed a Petition by Mortgagee for Ancillary Hearing claiming a lien holder interest in the real property located at 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI, Hawaii County, Tax Map Key: (3) 6-2-019-029 (the "Property").  ECF No. 51.

6. No other parties have filed petitions in this matter regarding this property, and the time in which any person or entity may file a petition has expired.

7. The parties hereto stipulate that BOFI and Buccola are lien holders on the Property.  BOFI and Buccola have a legal right, title, or interest in the Property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Wannakuwatte at the time of the commission of the acts which give rise to the forfeiture of the Property.  *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)).  The parties further stipulate, however, that Deepal Wannakuwatte has an ownership interest in the Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

8. In February 2015, a sales offer was accepted in the amount of $2,005,000.00 for the Property. Escrow is estimated to close by the end of April 2015. The buyer of the Property is Edward Tonkin.

9. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Property pursuant to this Final Order of Forfeiture, the United States will not contest payment of the following from the proceeds of the sale:

    a. All unpaid principal due to petitioner BOFI under the Promissory Note ("the Note") in the principal amount of $1,260,000.00 dated April 27, 2012. The Note is secured by a Mortgage on the Property recorded on May 7, 2012, with the State of Hawaii, Bureau of Conveyances as Document No. A-45100085. As of February 12, 2015, the principal balance due and owing on the Note was $1,226,846.71.

    b. All unpaid interest and late fees due at the contractual base rate (not the default rate) under the above Note, secured by the Mortgage, until the date of payment.

    c. All reasonable legal fees paid or due and any escrow funds advanced by BOFI under the Note and Mortgage, until the date of payment.

    d. The exact amount to be paid to BOFI shall be determined at the time of payment, but shall not be less than $1,303,626.15, which is the loan balance, including principal, interest, fees, and costs as of February 12, 2015.

    e. All unpaid principal due to petitioner Buccola under the Promissory Note ("Note) in the principal amount of $350,000.00 dated December 16, 2013, which is secured by a Mortgage, Security Agreement & Financing Statement recorded with the State of Hawaii, Bureau of Conveyances as Doc No. A-51090805 on December 27, 2013. As of February 24, 2015, the interest due and owing is $35,680.56 with interest continuing to accrue at a rate of $97.22 per day. Attorney's fees and costs total $13,035.00. As of February 24, 2015, the balance due and owing on the Note was $398,715.56.

   f. The exact amount to be paid to Buccola shall be determined at the time of payment, but shall not be less than $398,715.56, which is the loan balance, including principal, interest, fees, and costs as of February 24, 2015.

   g. The sum of $70,550.55 to The Association of Apartment Owners of Hali'a Hale at Kauna'oa Condominium.

   h. Real estate commission of 2%.

   i. Real estate property taxes, insurance costs, if any, title fees, escrow fees and expenses, and county transfer taxes.

   j. To the United States, all net proceeds from the sale of the Property after the above disbursements, to be forfeited to the United States and disposed of as provided for by law.

10. The payment of the full loan balances to petitioners BOFI and Buccola shall be in full satisfaction of all claims and petitions by them to the Property, and of all claims arising from and relating to the detention and forfeiture of the Property. The payment to petitioners shall not include any prepayment penalties.

11. If the sale of the Property has not been completed by April 30, 2015, the U.S. Marshals Service shall be authorized to sell the Property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price, provided, through the sale of the property, BOFI, Buccola and The Association of Apartment Owners of Hali'a Hale at Kauna'oa Condominium will be paid through escrow as described in paragraph 9 above. Thereafter, the United States shall receive all net proceeds from the sale of the Property, less the costs of selling the Property, cleanup, other expenses incurred, and any legitimate liens that exist on the Property.

12. Upon payment, BOFI and Buccola agree to release their respective interests and/or liens in the Property via recordable documents. Upon receipt of the full loan balances, BOFI and Buccola hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI, Hawaii County, Tax Map Key: (3) 6-2-019-029. This is a full and final release applying to all unknown and

unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13.     Provided payment is made in full to Petitioners through escrow as described herein, Petitioners agree not to pursue against the United States any other rights that they may have under the Promissory Notes, Mortgages or liens, including, but not limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and any right to assess additional interest or penalties except as specifically allowed herein.

14.     Provided payment is made in full to Petitioners through escrow as described herein, Petitioners understand and agree that by entering into this stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

15.     Petitioners understand and agree that the United States reserves the right to void the stipulation if, before payment of the Promissory Notes or liens, the U.S. Attorney obtains new information indicating that the petitioners are not "innocent owners" or "bona fide purchasers" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property.  In either event, the United States shall promptly notify petitioners of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, petitioners reserve the right to petition the Court for a modification of this order in the event it determines that the value of the subject property is at an amount which may not be sufficient to satisfy their liens.

16.     Provided payment is made in full to Petitioners through escrow as described herein, Petitioners agree to execute further documents, to the extent reasonably necessary, to convey clear title to

the Property to Edward Tonkin or the United States and to implement further the terms of this Stipulation.

17. Each party agrees to bear its own costs and attorneys' fees, except as set forth herein.

18. Payment to the Petitioners pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.  Except as set forth herein, Petitioners retain all rights, powers and remedies that they may have under the Promissory Notes, Mortgages and liens.

19. The terms of this Stipulation shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

20.  The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: 2/25/15              BENJAMIN B. WAGNER
                            United States Attorney

                    By:     /s/ Kevin C. Khasigian
                            KEVIN C. KHASIGIAN
                            Assistant U.S. Attorney

Dated: 2/24/15              GORDON & REES LLP


                            /s/ Jeffrey D. Cawdrey
                            JEFFREY D. CAWDREY
                            STEPHANIE M. LEMOS
                            Attorneys for petitioner BOFI Federal Bank


Dated: 2/24/15              NAGELEY, MEREDITH & MILLER, INC.


                            /s/ James R. Kirby
                            JAMES R. KIRBY
                            Attorney for petitioner Robert Buccola

                            (Signatures retained by attorney)

///

6

ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Betsy Wannakuwatte to the Property located at 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI, Hawaii County, Tax Map Key: (3) 6-2-019-029, is hereby extinguished.

SO ORDERED this 25th day of February, 2015.

_____
Troy L. Nunley
United States District Judge

**Exhibit A**

*Real Property located at*:

1. 14 Fig Leaf Court, Sacramento, CA (Sacramento County), APN: 226-0360-024-0000;
2. 1933 Richmond Street, Sacramento, CA (Sacramento County), APN: 279-0182-004-0000;
3. 2120 22nd Avenue, Sacramento, CA (Sacramento County), APN: 018-0073-002-0000;
4. 31660 County Road 27, Woodland, CA (Yolo County), APN: 050-110-004-000;
5. 5111 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0153-024-0000;
6. 5231 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0272-014-0000;
7. 5131 S. Land Park Drive, Sacramento, CA (Sacramento County), APN: 016-0233-025-0000;
8. 940 44th Street, Sacramento, CA (Sacramento County), APN: 008-0092-008-0000;
9. 30562 Old Coast Road, Gold Beach, OR (Curry County), Map No. 36-15-25BB, Tax Lot No. 2000;
10. 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI (Hawaii County), Tax Map Key: (3) 6-2-019-029;
11. 879 F Street, West Sacramento, CA (Yolo County), APN: 010-340-021-000;

*Vehicles described as*:

12. a 2008 Infiniti M45S, VIN: JNKBY01EX8M500746, CA Plate: 6GLR121;
13. a 2003 BMW X5 (Wagon), VIN: 5UXFB93513LN79937, CA Plate: 5ATD906;

*Financial Accounts described as*:

14. Approximately $150,000.00 held in a California Bank and Trust certificate of deposit, account number CD 1250006713;
15. Approximately $394.49 held in California Bank and Trust account number 12-501320-11, held in the name of Capital Sports Management, LLC;
16. Approximately $356.49 held in California Bank and Trust account number 12-501196-91, held in the name of Clover Ranch, LLC;
17. Approximately $625.23 held in California Bank and Trust account number 12-501336-81, held in the name of DBS Air, LLC;
18. Approximately $4,466.35 held in California Bank and Trust account number 12-502271-56, held in the name of Deepal S. and Betsy K. Wannakuwatte;
19. Approximately $84.22 held in California Bank and Trust account number 12-501646-46, held in the name of Deepal Wannakuwatte & David L. Gordon;
20. Approximately $2,056.86 held in California Bank and Trust account number 12-500901-81, held in the name of Jamestown Health & Medical Supply Co, LLC;
21. Approximately $76.02 held in California Bank and Trust account number 12-501039-39, held in the name of JTS Communities, Inc.;
22. Approximately $304.53 held in California Bank and Trust account number 12-501140-39, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
23. Approximately $38.51 held in California Bank and Trust account number 12-501273-61, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
24. Approximately $490.00 held in California Bank and Trust account number 12-501248-51, held in the name of Wannas Serendipity Charitable Foundation;
25. Approximately $44.23 held in East West Bank account number 26-140011985, held in the name of Deepal S. or Betsy K. Wannakuwatte;
26. Approximately $52.00 held in East West Bank account number 80-78001453, held in the name of Denniston DB, LLC;
27. Approximately $68,348.28 held in East West Bank account number 80-78001230, held in the name of International Manufacturing Group, Inc.;

28. Approximately $37,668.48 held in Farmers and Merchants Bank account number 31-014895-01, held in the name of International Manufacturing Group/dba Relyaid/dba Relyaid Tattoo Supply/dba Desco Dental;
29. Approximately $72.09 held in First Hawaiian Bank account number 67-806727, held in the name of Deepal S. & Betsy K. Wannakuwatte;
30. Approximately $134.45 held in North Valley Bank account number 4302004169, held in the name of International Manufacturing Group, Inc.;
31. Approximately $219.71 held in Bank of the West account number 246-000-760151, held in the name Betsy K. Wannakuwatte;
32. Approximately $3,280.74 held in Bank of the West account number 246-000-76078, held in the name Deepal S. Wannakuwatte;
33. Approximately $17,127.29 held in Bank of the West account number 023-487801, held in the name Olivehurst Glove Manufacturers LLC;
34. Approximately $27,212.22 held in American Funds/The Capital Group account number 62608177, held in the name Deepal Wannakuwatte;

*Insurance Policies described as*:

35. Cash value of Nationwide life insurance policy number 01-5097622, held in the name Deepal Wannakuwatte, valued at approximately $25,258.51;
36. Cash value of Nationwide life insurance policy number N100446510, held in the name Deepal and Betsy Wannakuwatte Irrevocable Trust, valued at approximately $24,831.08;
37. Cash value of Nationwide life insurance policy number N600006930, held in the name International Manufacturing Group, Inc., valued at approximately $104,469.67;

*Checks and Money Orders described as*:

38. Check number 1581 for $10,500.00 dated March 3, 2014, and made payable to Olivehurst Glove Manufacturing, LLC;
39. Check number 06331158 for $564.56 from the U.S. Treasury dated March 4, 2014, and made payable to Olivehurst Glove Manufacturers, LLC;
40. Check number 018012 for $600.00 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
41. Check number 015041 for $648.65 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
42. Check number 0097679894 for $1,300.00 dated April 10, 2014, and made payable to Betsy Wannakuwatte;
43. Personal money order number 7054012632 for $377.00 dated April 4, 2014, with "Pay to the order of" left blank;
44. Personal money order number 0036221324 for $755.00 dated April 4, 2014, and made payable to Betsy Wannakuwatte;

*Other Assets described as*:

45. River Bend Park Apartments, LLC; Entity Number: 201108810009;
46. 1235 Glenhaven Court, LLC, Entity Number: 201103210150; and
47. Cash value of any federal or state income tax refunds due in relation to any federal or state tax returns, either corporate or personal, filed by the defendant between 2002 and 2014.

## Exhibit B

ALL THE PREMISES COMPRISING A PORTION OF "HALI'A HALE AT KAUNA OA" CONDOMINIUM PROJECT (HERIN CALLED THE "PROJECT") CONSISTING OF THAT CERTAIN PARCEL OF LAND MORE FULLY DESCRIBED HEREIN, AND THE IMPROVEMENTS AND APPURTENANCES THEREOF, AS DESCRIBED AND ESTABLISHED BY THE DECLARATION OF CONDOMINIUM PROPERTY REGIME RECORDED MARCH 22, 2005 AS REGULAR SYSTEM DOCUMENT NO. 2005-056061, AS AMENDED, OF OFFICAL RECORDS (HEREIN CALLED THE "DECLARATION"), DESCRIBED AS FOLLOWS:

FIRST: APARTMENT NO. 6A OF THAT CERTAIN PROJECT AS SHOWN ON THE PLANS THEREOF RECORDED AS REGULAR SYSTEM CONDOMINIUM MAP NO. 3966

TOGETHER WITH EASEMENTS APPURTENANT TO SAID APARTMENT ESTABLISHED BY AND DESCRIBED IN THE DECLARATION, INCLUDING THE FOLLOWING:

(A) THE EXCLUSIVE RIGHT TO USE THOSE CERTAIN LIMITED COMMON ELEMENTS OF THE PROJECT, AS DESCRIBED IN THE DECLARATION, AS AMENDED.

(B) NONEXCLUSIVE EASEMENTS IN THE COMMON ELEMENTS DESIGNED FOR SUCH PURPOSES FOR INGRESS TO, EGRESS FROM, UTILITY SERVICES FOR AND SUPPORT OF SAID APARTMENT, IN THE OTHER COMMON ELEMENTS FAR USE ACCORDING TO THEIR RESPECTIVE PURPOSES, SUBJECT ALWAYS TO THE EXCLUSIVE OR LIMITED USE OF THE LIMITED COMMON ELEMENTS AS PROVIDED IN THE DECLARATION, AND IN ALL OTHER APARTMENTS AND COMMON ELEMENTS OF THE BUILDING IN WHICH SAID APARTMENT IS LOCATED OR ANY ADJACENT BUILDINGS FOR SUPPORT.

SECOND:

AN UNDIVIDED 4.6684% INTEREST IN ALL COMMON ELEMENTS OF THE PROJECT AS ESTABLISHED FOR SAID APARTMENT BY THE DECLARATION, AS TENANT IN COMMON WITH ALL OTHER OWNERS FROM TIME TO TIME OF UNDIVIDED INTERESTS IN AND TO SAID COMMON ELEMENTS.

BEING THE PREMISES CONVEYED BY WARRANTY DEED (TOWNHOUSE NUMBER 6A) RECORDED NOVEMBER 21, 2008 AS REGULAR SYSTEM DOCUMENT NO. 2008-177814 OF OFFICIAL RECORDS.
GRANTOR: JOHN A. SULLIVAN AND CATHERINE L. SULLIVAN, HUSBAND AND WIFE
GRANTEE: DEEPAL S. WANNAKUWATTE AND BETSY K. WANNAKUWATTE, HUSBAND AND WIFE, AS JOINT TENANTS

THE LAND UPON WHICH SAID CONDOMINIUM PROJECT IS SITUATE IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT OULI, WAIMEA, SOUTH KOHALA, ISLAND AND COUNTY OF HAWAII, STATE OF HAWAII, BEING LOTS A, AREA 2.179 ACRES, MORE OR LESS, B, AREA 6.405 ACRES, MORE OR LESS, AND C, AREA 3.630 ACRES, MORE OR LESS OF THE "KAUNA'OA AMENDMENT NO. 1 ", AS SHOWN ON THE MAP THEREOF FILED IN THE OFFICIAL RECORDS AS FILE PLAN NO. 2399.

TOGETHER WITH A PERPETUAL NON-EXCLUSIVE EASEMENT FOR ACCESS PURPOSES IN COMMON WITH ALL OTHERS ENTITLED THERETO, IN, OVER, ACROSS AND UNDER ROADWAY LOTS 33, 35 AND 36 OF "KAUNA'OA SUBDIVISION" AS SHOWN ON FILE PLAN NO. 2366 GRANTED BY AND CONTAINED IN DECLARATION OF PROTECTIVE COVENANTS, CONDITIONS AND RESTRICTIONS FOR KAUNA'OA AT MAUNA KEA

RECORDED AUGUST 23, 2004 AS REGULAR SYSTEM DOCUMENT NO, 2004-172439 OF OFFICIAL RECORDS; PROVIDED, HOWEVER, THAT IF AND WHEN IN THE EVENT SAID ROADWAY LOTS ARE CONVEYED, TRANSFERRED AND DEDICATED TO ANY GOVERNMENTAL AUTHORITY AND ACCEPTED AS PUBLIC HIGHWAY OR ROAD, SAID EASEMENT AS TO THE LOT SO CONVEYED SHALL AUTOMATICALLY CEASE AND TERMINATE.

TOGETHER WITH A NON-EXCLUSIVE EASEMENT AND ACCESS RIGHTS UNDER THE KAWAIHAC-PUAKO ROAD (ALSO KNOWN AS THE QUEEN KAAHUNMNU HIGHWAY) AND OVER AND ACROSS EASEMENT "C", TOGETHER WITH LIMITED ACCESS RIGHTS OVER AND ACROSS BOUNDARIES "J" AND "K", ALL AS MORE PARTICULARLY DESCRIBED IN AND IN ACCORDANCE WITH THE PROVISIONS OF THAT CERTAIN GRANT OF EASEMENT (UNDERPASS EASEMENT) RECORDED FEBRUARY 23, 1994 AS REGULAR SYSTEM DOCUMENT NO. 94-032237 OF OFFICIAL RECORDS, IN FAVOR OF THE HAPUNA COMMUNITY ASSOCIATION, FOR THE BENEFIT AND USE OF ITS MEMBERS; AND SUBJECT TO THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH ANY COVENANTS, CONDITIONS AND RESTRICTIONS, CONTAINED THEREIN.

TOGETHER ALSO WITH AN APPURTENANT NON-EXCLUSIVE EASEMENT FOR UTILITY AND ROADWAY ACCESS (INCLUDING VEHICULAR AND PEDESTRIAN TRAFFIC) PURPOSES OVER, UNDER, ACROSS, AND UPON THE ENTRY ROAD TO BE USED IN COMMON WITH ALL OTHERS ENTITLED TO SUCH USE, AS GRANTED BY AND BEING MORE PARTICULARLY DESCRIBED IN GRANT OF EASEMENT (HAPUNA RESORT ENTRY ROAD) RECORDED FEBRUARY 14, 2000 AS REGULAR SYSTEM DOCUMENT NO. 2000-020044 OF OFFICIAL RECORDS, BY AND BETWEEN MANUNA KEA DEVELOPMENT CORP., A HAWAII CORPORATION, "GRANTOR", AND KOHALA-WOODVALE ASSOCIATES, LLC, A DELAWARE LIMITED LIABILITY COMPANY, "GRANTEE"; AND SUBJECT TO THE TERMS AND PROVISIONS, INCLUDING THE FAILURE TO COMPLY WITH ANY COVENANTS, CONDITIONS AND RESERVATIONS, CONTAINED THEREIN.