BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | 2:14-CR-00067 TLN<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING REAL PROPERTY AT 31660 COUNTY ROAD 27, WOODLAND, CA |

　　　IT IS HEREBY STIPULATED, by and between plaintiff United States of America (hereinafter the "United States" ) and petitioners Lisa Maneggie, ("Petitioner Maneggie"), Alana  Henley-Curtis (formerly Alana Courville) ("Petitioner Henley-Curtis"), and John H. Anderson, and Marsha A. Anderson, as Co-Trustees of the John H. Anderson and Marsha A. Anderson Community Property Trust U/A October 30, 2010 ("Petitioner Anderson Trust"), to compromise and settle their interest in the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-110-004-000 and more fully described in Exhibit B attached hereto (hereinafter referenced as the " Real Property"), and to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

　　　1.　　On August 1, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered

1

into between the United States and defendant Deepal Wannakuwatte forfeiting to the United States the property listed in Exhibit A attached hereto (collectively, the "Forfeited Property.")

2. Beginning on November 1, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the Forfeited Property. The Declaration of Publication was filed on December 16, 2014.

3. In relation to this Real Property, the United States of America completed direct written notice by certified mail to:

   a. Betsy Wannakuwatte
   b. Sarah Wannakuwatte
   c. John H. Anderson
   d. Marsha A. Anderson.

4. On September 18, 2014, Petitioners Maneggie and Henley-Curtis filed a timely petition alleging an interest in the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-110-004-000, alleging as follows:

   a. In or around July 2011, Petitioners Maneggie and Henley-Curtis, defendant Deepal Wannakuwatte, Betsy Wannakuwatte ("Betsy"), and Sarah Wannakuwatte ("Sarah") formed a partnership, the general terms and conditions of which were set forth in a writing entitled "Memorialization – Memorandum of Understanding" ("the MOU") whereby they agreed, among other things, to undertake certain duties and responsibilities with respect to the ownership and management of the Real Property and an equestrian horse boarding business ("the Business") to be operated thereon.

   b. In or around July 2011, Petitioners Maneggie and Henley-Curtis and Sarah formed Sunfire Eventing Center, LLC ("Sunfire") to operate the Business on the Real Property, and Petitioners Maneggie and Henley-Curtis have at all times since been operating that entity on behalf of the partnership. Petitioners Maneggie and Henley-Curtis are each members of Sunfire, each with a 20% ownership interest. At the express request of defendant Deepal Wannakuwatte and Betsy, only their daughter Sarah is the other Sunfire member, holding a 60% ownership interest therein. Defendant

1  Deepal Wannakuwatte and Betsy are not now, and never have been, members or owners of Sunfire.

2    c. Petitioners Maneggie and Henley-Curtis are informed and believe and based thereon
3  allege that on or about July 29, 2011, acting on behalf of the partnership and in furtherance of their duties
4  and responsibilities under the MOU, defendant Deepal Wannakuwatte and Betsy took legal title to the
5  Real Property and continue to the present to hold the same in trust for the beneficial interest of either (a)
6  petitioners Maneggie and Henley-Curtis and Sarah or (b) the partnership.

7    d. Specifically, as set forth in the MOU, petitioners Maneggie and Henley-Curtis are each
8  entitled to receive 20% of the net proceeds from the future sale of the Real Property (after crediting the
9  Wannakuwattes with their costs related to the Real Property).  Under the terms of the MOU, one or more
10 of the Wannakuwattes agreed to provide, among other things, financial support for the partnership by
11 providing the down payment, monthly mortgage payments, and the property taxes on the Real Property,
12 financial support for any improvements located thereon, the initial and ongoing operating expenses for
13 the Business, including, but not limited to, liability, fire, and worker's compensation insurance for the
14 Real Property and the Business.

15   5. On November 7, 2014,  Petitioner Anderson Trust filed a timely petition alleging an
16 interest in the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-
17 110-004-000, alleging as follows:

18   a. On or about July 29, 2011, defendant Deepal Wannakuwatte and Betsy executed
19 and delivered to the Anderson Trust an Installment Note ("the Note") in the principal amount of
20 $547,500.00.  The Note was part of the purchase price paid by defendant Deepal Wannakuwatte and
21 Betsy to the Anderson Trust upon purchase of the Real Property from the Anderson Trust.  The unpaid
22 principal balance of the Note bears interest at the rate of 5.00% per annum and provides for monthly
23 installments of principal and interest in the amount of $3,613.26 commencing September 1, 2011 and
24 continuing on the first day of each month until paid in full.  If all monthly payments had been timely
25 tendered, the Note would have been paid in full in 240 months, or approximately September 1, 2031.

26   b. The Note was and is secured by a Short Form Deed of Trust and Assignment of
27 Rents ("Deed of Trust") dated July 29, 2011, which was recorded on August 31, 2011, as document
28 number 2001-0023725-00 in the official records of Yolo County, California.

   c. At the time the petition was filed, the principal due and owing under the Note was $508,028.04. The last payment received was applied to the installment due January 1, 2014, and the Note has been in continuous default since February 1, 2014. The accrued and unpaid interest due and owing was $21,156.24 as of November 1, 2014. Interest has continued to accrue under the Note at a rate of $69.59 per diem.

 6. Other than Petitioners, no other parties have filed petitions with respect to the Real Property, and the time in which any person or entity may file a petition has expired.

 7. Pursuant to 28 U.S.C. § 2461(c), incorporated by 21 U.S.C. § 853(n)(6), the United States stipulates and agrees that Petitioner Maneggie, Henley-Curtis and Anderson Trust (collectively "Petitioners") each have a legal right, title and interest in a portion of the Real Property, and that such right, title and interest renders the order of forfeiture invalid in part because the right, title and interest was vested in Petitioners rather than defendant Deepal Wannaluwatte or was superior to any right, title or interest of defendant Deepal Wannaluwatte at the time of the commission of the acts which gave rise to the forfeiture of the Real Property under this section.

 8. The United States agrees to convey its interest in the Real Property to Petitioners Maneggie and Henley-Curtis, subject to the payment of $95,000.00 to the United States within sixty days of signing this stipulation. All right, title, and interest in said funds shall be substituted for the Real Property and forfeited to the United States. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

 9. Petitioners Maneggie and Henley-Curtis will assume the loan with Petitioner Anderson Trust. An agreement will be worked out between the Petitioners regarding the terms and conditions for the Anderson Trust loan on the Real Property.

 10. If payment of the $95,000.00 is not made within the time stipulated above, Petitioners Maneggie and Henley-Curtis will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the Real Property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the Real Property, Petitioner Anderson Trust will be paid what it is owed, as described in paragraph 5.c above. Petitioners Maneggie

and Henley-Curtis shall receive 20% each of the net proceeds from the sale of the Real Property and the United States shall receive the remaining net proceeds, less payments for costs of selling the Real Property, cleanup, other expenses incurred, and any legitimate liens that exist on the Real Property.

11. All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture of the Real Property and/or of the $95,000.00 payment.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. All parties are to bear their own costs and attorneys' fees.

Dated: 3/25/15

BENJAMIN B. WAGNER
United States Attorney

By:   /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 24-Mar-2015

/s/ Walter R. Dahl
WALTER R. DAHL
Attorney for petitioners John H. Anderson
and Marsha A. Anderson, Co-Trustees of
the John H. Anderson & Marsha A. Anderson
Community Property Trust U/A October 30, 2010

Dated: 3/25/15

/s/ Russell J. Austin
RUSSELL J. AUSTIN
Attorney for petitioners Lisa Maneggie
and Alana Courville

///   (Signatures retained by attorney)

///

Dated: 3/25/15                          /s/ Lisa Maneggie
                                        LISA MANEGGIE
                                        Petitioner

ACKNOWLEDGMENT

> A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

State of California     )
County of Sacramento    )

On ___03/25/15___, before me, ____Coty Arias Lutz___, Notary Public, personally appeared ___Lisa Maneggie_____ ___, who proved to me on the basis of satisfactory evidence to be the person(s̶) whose name(s̶) is/a̶r̶e̶ subscribed to the within instrument and acknowledged to me that h̶e̶/she/t̶h̶e̶y̶ executed the same in h̶i̶s̶/her/t̶h̶e̶i̶r̶ authorized capacity(i̶e̶s̶), and that by h̶i̶s̶/her/t̶h̶e̶i̶r̶ signature(s̶) on the instrument the person(s̶), or the entity upon behalf of which the person(s̶) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> COTY ARIAS LUTZ
> Commission # 2078289
> Notary Public – California
> Sacramento County
> My Comm. Expires Aug 17, 2018

Signature /s/ Coty Arias Lutz

Dated: 3/25/15                          /s/ Alana Henley-Curtis
                                        ALANA HENLEY-CURTIS, FKA ALANA
                                        COURVILLE, Petitioner

ACKNOWLEDGMENT

> A notary public or other officer completing this acknowledgment verifies only the identity of the individual who signed this document, and not the truthfulness, accuracy, or validity of this document.

State of California     )
County of Sacramento    )

On ___03/25/15__, before me, _____Coty Arias Lutz_____, Notary Public, personally appeared _Alana Henley-Curtis_____, who proved to me on the basis of satisfactory evidence to be the person(s̶) whose name(s̶) is/a̶r̶e̶ subscribed to the within instrument and acknowledged to me that h̶e̶/she/t̶h̶e̶y̶ executed the same in h̶i̶s̶/her/t̶h̶e̶i̶r̶ authorized capacity(i̶e̶s̶), and that by h̶i̶s̶/her/t̶h̶e̶i̶r̶ signature(s̶) on the instrument the person(s̶), or the entity upon behalf of which the person(s̶) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> COTY ARIAS LUTZ
> Commission # 2078289
> Notary Public – California
> Sacramento County
> My Comm. Expires Aug 17, 2018

Signature /s/ Coty Arias Lutz

(Original signatures retained by attorney)

ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth below:

1.      A Final Order of Forfeiture shall be entered forfeiting to the United States all right, title, and interest in the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-110-004-000 and more fully described in Exhibit B attached hereto, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to be disposed of according to law, including all right, title, and interest of Deepal Wannakuwatte, Betsy Wannakuwatte, and Sarah Wannakuwatte whose rights to the above-listed property are hereby extinguished.

2.      All right, title, and interest in the Real Property shall vest solely in the name of the United States of America.

3.      Pursuant to 28 U.S.C. § 2461(c), incorporated by 21 U.S.C. § 853(n)(7) the United States shall have clear title to the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-110-004-000, subject to the interests of petitioners John H. Anderson, Marsha A. Anderson, Lisa Maneggie and Alana Henley-Curtis.

4.      Pursuant to 28 U.S.C. § 2461(c), incorporated by 21 U.S.C. § 853(n)(7), the United States, by and through this Final Order of Forfeiture, conveys its clear title in the real property located at 31660 County Road 27, Woodland, CA, Yolo County, APN: 050-110-004-000, to petitioners Lisa Maneggie and Alana Henley-Curtis, subject to the payment of $95,000.00.

5.      If payment of the $95,000.00 is not made within 60 days of signing this stipulation, petitioners Lisa Maneggie and Alana Henley-Curtis will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the above-referenced Real Property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of the Real Property, John H. Anderson and Marsha A. Anderson shall be paid what they are owed, as described in paragraph 5.c above.  Petitioners Lisa Maneggie and Alana Henley-Curtis shall receive 20% each of the net proceeds from the sale of the Property and the United States shall receive the remaining net proceeds, less payments for costs of selling the Real Property, cleanup, other expenses incurred, and

1  any legitimate liens that exist on the Real Property.

2       6.    The U.S. Marshals Service shall maintain custody of and control over the subject Real
3  Property until it is disposed of according to law.

4       SO ORDERED this 26th day of March, 2015.

```
                                    Troy L. Nunley
                                    United States District Judge
```

8

**Exhibit A**

*Real Property located at*:

1. 14 Fig Leaf Court, Sacramento, CA (Sacramento County), APN: 226-0360-024-0000;
2. 1933 Richmond Street, Sacramento, CA (Sacramento County), APN: 279-0182-004-0000;
3. 2120 22nd Avenue, Sacramento, CA (Sacramento County), APN: 018-0073-002-0000;
4. 31660 County Road 27, Woodland, CA (Yolo County), APN: 050-110-004-000;
5. 5111 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0153-024-0000;
6. 5231 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0272-014-0000;
7. 5131 S. Land Park Drive, Sacramento, CA (Sacramento County), APN: 016-0233-025-0000;
8. 940 44th Street, Sacramento, CA (Sacramento County), APN: 008-0092-008-0000;
9. 30562 Old Coast Road, Gold Beach, OR (Curry County), Map No. 36-15-25BB, Tax Lot No. 2000;
10. 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI (Hawaii County), Tax Map Key: (3) 6-2-019-029;
11. 879 F Street, West Sacramento, CA (Yolo County), APN: 010-340-021-000;

*Vehicles described as*:

12. a 2008 Infiniti M45S, VIN: JNKBY01EX8M500746, CA Plate: 6GLR121;
13. a 2003 BMW X5 (Wagon), VIN: 5UXFB93513LN79937, CA Plate: 5ATD906;

*Financial Accounts described as*:

14. Approximately $150,000.00 held in a California Bank and Trust certificate of deposit, account number CD 1250006713;
15. Approximately $394.49 held in California Bank and Trust account number 12-501320-11, held in the name of Capital Sports Management, LLC;
16. Approximately $356.49 held in California Bank and Trust account number 12-501196-91, held in the name of Clover Ranch, LLC;
17. Approximately $625.23 held in California Bank and Trust account number 12-501336-81, held in the name of DBS Air, LLC;
18. Approximately $4,466.35 held in California Bank and Trust account number 12-502271-56, held in the name of Deepal S. and Betsy K. Wannakuwatte;
19. Approximately $84.22 held in California Bank and Trust account number 12-501646-46, held in the name of Deepal Wannakuwatte & David L. Gordon;
20. Approximately $2,056.86 held in California Bank and Trust account number 12-500901-81, held in the name of Jamestown Health & Medical Supply Co, LLC;
21. Approximately $76.02 held in California Bank and Trust account number 12-501039-39, held in the name of JTS Communities, Inc.;
22. Approximately $304.53 held in California Bank and Trust account number 12-501140-39, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
23. Approximately $38.51 held in California Bank and Trust account number 12-501273-61, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
24. Approximately $490.00 held in California Bank and Trust account number 12-501248-51, held in the name of Wannas Serendipity Charitable Foundation;
25. Approximately $44.23 held in East West Bank account number 26-140011985, held in the name of Deepal S. or Betsy K. Wannakuwatte;
26. Approximately $52.00 held in East West Bank account number 80-78001453, held in the name of Denniston DB, LLC;
27. Approximately $68,348.28 held in East West Bank account number 80-78001230, held in the name of International Manufacturing Group, Inc.;

28. Approximately $37,668.48 held in Farmers and Merchants Bank account number 31-014895-01, held in the name of International Manufacturing Group/dba Relyaid/dba Relyaid Tattoo Supply/dba Desco Dental;
29. Approximately $72.09 held in First Hawaiian Bank account number 67-806727, held in the name of Deepal S. & Betsy K. Wannakuwatte;
30. Approximately $134.45 held in North Valley Bank account number 4302004169, held in the name of International Manufacturing Group, Inc.;
31. Approximately $219.71 held in Bank of the West account number 246-000-760151, held in the name Betsy K. Wannakuwatte;
32. Approximately $3,280.74 held in Bank of the West account number 246-000-76078, held in the name Deepal S. Wannakuwatte;
33. Approximately $17,127.29 held in Bank of the West account number 023-487801, held in the name Olivehurst Glove Manufacturers LLC;
34. Approximately $27,212.22 held in American Funds/The Capital Group account number 62608177, held in the name Deepal Wannakuwatte;

*Insurance Policies described as*:

35. Cash value of Nationwide life insurance policy number 01-5097622, held in the name Deepal Wannakuwatte, valued at approximately $25,258.51;
36. Cash value of Nationwide life insurance policy number N100446510, held in the name Deepal and Betsy Wannakuwatte Irrevocable Trust, valued at approximately $24,831.08;
37. Cash value of Nationwide life insurance policy number N600006930, held in the name International Manufacturing Group, Inc., valued at approximately $104,469.67;

*Checks and Money Orders described as*:

38. Check number 1581 for $10,500.00 dated March 3, 2014, and made payable to Olivehurst Glove Manufacturing, LLC;
39. Check number 06331158 for $564.56 from the U.S. Treasury dated March 4, 2014, and made payable to Olivehurst Glove Manufacturers, LLC;
40. Check number 018012 for $600.00 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
41. Check number 015041 for $648.65 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
42. Check number 0097679894 for $1,300.00 dated April 10, 2014, and made payable to Betsy Wannakuwatte;
43. Personal money order number 7054012632 for $377.00 dated April 4, 2014, with "Pay to the order of" left blank;
44. Personal money order number 0036221324 for $755.00 dated April 4, 2014, and made payable to Betsy Wannakuwatte;

*Other Assets described as*:

45. River Bend Park Apartments, LLC; Entity Number: 201108810009;
46. 1235 Glenhaven Court, LLC, Entity Number: 201103210150; and
47. Cash value of any federal or state income tax refunds due in relation to any federal or state tax returns, either corporate or personal, filed by the defendant between 2002 and 2014.

**Exhibit B**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF YOLO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

The Southwest quarter of the Southeast quarter of Section 13, Township 9 North, Range 1 West, M.D.B.&M.  Excepting therefrom any mobile home(s) located thereon.

APN: 050-110-004-000