BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | 2:14-CR-00067 TLN<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING REAL PROPERTIES AT 14 FIG LEAF COURT AND 1933 RICHMOND STREET, SACRAMENTO, CA |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioners Green Tree Servicing, LLC (hereinafter "Green Tree" or "petitioner"), Ocwen Loan Servicing, LLC on behalf of U.S. Bank National Association as Trustee Under the Pooling and Servicing Agreement, 2004-CB3 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2004-CB3 (hereinafter "Ocwen" or "petitioner"), and Douglas Bertsch, Trustee of the Bertsch Family Trust (hereinafter "Bertsch" or "petitioner"),  to compromise and settle their interest in the real properties located at 14 Fig Leaf Court, Sacramento, California, Sacramento County, APN: 226-0360-024-0000 and more fully described in Exhibit B attached hereto, and 1933 Richmond Street, Sacramento, California, Sacramento County, APN: 279-0182-004-0000 and more fully described in Exhibit C attached hereto, and to consent to the entry of a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

1

1.      On August 1, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered into between plaintiff and defendant Deepal Wannakuwatte forfeiting to the United States the property listed in Exhibit A attached hereto.

2.      Beginning on November 1, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  The Declaration of Publication was filed on December 16, 2014.

3.      In relation to these real properties, the United States of America completed direct written notice by certified mail to:

a)  Betsy Wannakuwatte
b)  Green Tree Servicing
c)  Finance America, LLC
d)  Mortgage Electronic Registration Systems, Inc
e)  Douglas H. Bertsch & Diane J. Bertsch

4.      On October 20, 2014, Green Tree filed a timely petition alleging an interest in the real property located at 14 Fig Leaf Court, Sacramento, California, Sacramento County, APN: 226-0360-024-0000 (the "Fig Leaf property"), alleging as follows:

a.      Petitioner is the holder of a Promissory Note ("the Note") secured by a Deed of Trust on the Fig Leaf property.  The Note and Deed of Trust were signed by defendant Deepal Wannakuwatte and his wife, Betsy Wannakuwatte, on or around April 24, 2002.  The Deed of Trust was later recorded in the Official Records of the Sacramento County Recorder's Office on April 29, 2002, as Book 20020429, Page 1856.

b.      Defendant Deepal Wannakuwatte obligated himself under the Note in exchange for a loan in the amount of $138,750.00, with repayment terms at 8.25% interest over a period of 360 months.  Defendant thereafter made various payments on the Note such that the balance due thereunder as of May 30, 2014 was $121,392.31.

c.      On or about April 24, 2002, the Deed of Trust was assigned by Western Sierra

2

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

National Bank to Countrywide Homes Loans, Inc.  On or about June 20, 2013, the Deed of Trust was assigned to Green Tree together with the Note and obligations secured therein.  As of April 6, 2015, the unpaid loan balance was $132,613.00 inclusive of principal, interest, fees, and costs.  Interest, fees, costs, and other expenses will continue to accrue.

5. On December 12, 2014, petitioner Ocwen filed a petition alleging an interest in the real property located at 1933 Richmond Street, Sacramento, California, Sacramento County, APN: 279-0182-004-0000 (the "Richmond property") alleging as follows:

   a. Defendant Deepal Wannakuwatte and his wife, Betsy Wannakuwatte ("Betsy"), received the Richmond property as a gift, by way of a parent-to-child conveyance.  On or about November 13, 2003, defendant Deepal Wannakuwatte and Betsy executed an adjustable rate note ("the Note") dated November 13, 2003 and obtained a loan in the original principal amount of $187,000.00 from lender Finance America ("FA").

   b. The Note was and is secured by a first Deed of Trust, recorded on December 8, 2003 as Book 20031208, Page 0459, in the official records of Sacramento County, California.  On August 4, 2014, an assignment of the Deed of Trust was recorded in the official records of Sacramento County, California as Book 20140804, Page 1015, assigning the Richmond property to U.S. Bank National Association, as Trustee Under the Pooling and Servicing Agreement, 2004-CB3 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2004-CB3.  All interest in the Deed of Trust and underlying Note were transferred to a securitized trust in 2004 under a pooling and servicing agreement.  Petitioner Ocwen is the servicer for this securitized trust.[1]

   c. As of November 26, 2014, the unpaid loan balance was $174,100.89 inclusive of principal, interest, fees, and costs.  Interest, fees, costs, and other expenses will continue to accrue.

6. On October 30, 2014, Douglas Bertsch, as Trustee of the Bertsch Family Trust ("Bertsch") filed a timely petition alleging an interest in the Fig Leaf property and the Richmond property, alleging as follows:

---

[1] The original servicer on this securitized trust was Litton Loan Servicing LP.  On September 1, 2011, Ocwen acquired Litton Loan Servicing, LLC.

3

      a.    On or about April 22, 2008, defendant Deepal S. Wannakuwatte and his wife, Betsy K. Wannakuwatte ("Betsy") executed a fixed rate Promissory Note ("the Note") dated April 22, 2008, and obtained a cash loan from Bertsch in the original principal amount of $317,000.00.  The loan was secured by a second position Deed of Trust against the Fig Leaf and Richmond properties also dated April 22, 2008, that was executed by defendant Deepal Wannakuwatte and Betsy, and was recorded on May 5, 2008, as Book 20080505, Page 0863 in the Sacramento County Recorder's Office.

      b.    The loan was paid down in the amount of $117,000 in April 2012, and a new Promissory Note dated April 4, 2012, in the amount of $200,000.00 was substituted in its place.  This new Note was secured by a second position Deed of Trust against the Fig Leaf and Richmond properties also dated April 4, 2012, that was executed by defendant Deepal S. Wannakuwatte and Betsy, and was recorded on April 20, 2012, as Book 20120420, Page 0606 in the Sacramento County Recorder's Office.

      c.    As of August 18, 2014, the unpaid loan balance was $230,394.72 inclusive of principal, interest, fees, and costs.  Interest, fees, costs, and other expenses will continue to accrue.

7.    No other parties have filed petitions in this matter regarding these properties, and the time in which any person or entity may file a petition has expired.

8.    The parties hereby stipulate that Green Tree and Bertsch are lien holders on the Fig Leaf property, and Ocwen and Bertsch are lien holders on the Richmond property.  Green Tree and Bertsch have a legal right, title, or interest in the Fig Leaf property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Wannakuwatte at the time of the commission of the acts which give rise to the forfeiture of the Fig Leaf property.  Ocwen and Bertsch have a legal right, title, or interest in the Richmond property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Wannakuwatte at the time of the commission of the acts which give rise to the forfeiture of the Richmond property.  *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)).  The parties further stipulate, however, that Deepal Wannakuwatte has an ownership interest in the properties and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

4

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

9. The parties agree that the sale of the properties shall be handled by the U.S. Marshals Service in a commercially reasonable manner. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the properties. Any and all personal possessions not removed within thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.

10. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Fig Leaf property pursuant to this Final Order of Forfeiture, the United States will not contest payment to Green Tree and Bertsch from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Fig Leaf property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the Fig Leaf property, the following:

   a. All unpaid principal due to petitioner Green Tree under the Promissory Note ("the Note") dated April 24, 2002, in the principal amount of $137,750.00. The Noted is secured by a Deed of Trust recorded in the Sacramento County, California, Official Records as Book 20020429, Page 1856, recorded on April 29, 2002. As of April 6, 2015, the loan balance, including principal, interest, fees, and costs, was $132,613.00.

   b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

   c. The exact amount to be paid to Green Tree shall be determined at the time of payment, but shall not be less than the amounts set forth above.

   d. To Bertsch, 80% of the net proceeds from the sale of the Fig Leaf property after the above disbursements.

   e. To the United States, 20% of the net proceeds from the sale of the Fig Leaf property after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law.

11. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Richmond property pursuant to this Final Order of Forfeiture, the United States will not contest payment

5

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

to Ocwen and Bertsch from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Richmond property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the Richmond property, the following:

    a. All unpaid principal due to petitioner Ocwen under the adjustable rate note ("the Note") dated November 13, 2003, in the principal amount of $187,000.00. The Note is secured by a Deed of Trust recorded on December 8, 2003, in the Sacramento County, California, Official Records as Book 20031208, Page 0459. As of April 13, 2015, the loan balance, including principal, interest, fees, and costs, was $180,627.12.

    b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

    c. The exact amount to be paid to Ocwen shall be determined at the time of payment, but shall not be less than the amounts set forth above.

    d. To Bertsch, 80% of the net proceeds from the sale of the Richmond property after the above disbursements.

    e. To the United States, 20% of the net proceeds from the sale of the Richmond property after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law.

12. The payment to petitioners Green Tree, Ocwen, and Bertsch shall be in full settlement and satisfaction of all claims and petitions by them to the properties, and of all claims arising from and relating to the detention and forfeiture of the properties. The payment to petitioners shall not include any penalty payments, including any prepayment penalties.

13. Upon payment, Green Tree, Ocwen, and Bertsch agree to assign and convey their respective security or other interests to the United States via recordable documents. All parties to this stipulation hereby release plaintiff United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real properties located at 14 Fig Leaf Court, Sacramento, CA and 1933 Richmond Street, Sacramento, CA. This is a full and final release applying to

all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

14. Petitioners agree not to pursue against the United States any other rights that they may have under the Notes and/or Deeds of Trust, including, but not limited to, the right to foreclose upon and sell the properties during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the properties, and any right to assess additional interest or penalties except as specifically allowed herein.

15. Petitioners understand and agree that by entering into this stipulation of their interest in the properties, they waive any right to litigate further their ownership interest in the properties and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, petitioners shall be excused and relieved from further participation in this action.

16. Petitioners understand and agree that the United States reserves the right to void the stipulation if, before payment of the Note or lien, the U.S. Attorney obtains new information indicating that the petitioners are not "innocent owners" or "bona fide purchasers" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the properties.  In either event, the United States shall promptly notify petitioners of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, petitioners reserve the right to petition the Court for a modification of this order in the event it determines that the value of the subject properties is at an amount which may not be sufficient to satisfy their liens.

17. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the properties to the United States and to implement further the terms of this Stipulation.

18. Each party agrees to bear its own costs and attorneys' fees, except as specified herein.

7

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

19. Payment to the petitioners pursuant to this Stipulation is contingent upon a forfeiture of the properties to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

20. The terms of this Stipulation shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

21.  The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: 4/14/15                                   BENJAMIN B. WAGNER
                                                 United States Attorney

                                         By:    /s/ Kevin C. Khasigian
                                                 KEVIN C. KHASIGIAN
                                                 Assistant U.S. Attorney

Dated: 4/14/15                                   MALCOLM ♦ CISNEROS, A Law Corporation


                                                 /s/ Nathan F. Smith
                                                 NATHAN F. SMITH
                                                 Attorneys for petitioner Green Tree Servicing LLC


Dated: 4/13/15                                   SEVERSON & WERSON
                                                 A Professional Corporation


                                                 /s/ Danielle M. Ellis-Andrews
                                                 DANIELLE M. ELLIS-ANDREWS
                                                 Attorneys for petitioner OCWEN Loan Servicing,
                                                 LLC on behalf of U.S. Bank National Association as
                                                 Trustee Under the Pooling and Servicing Agreement,
                                                 2004-CB3 Trust, C-BASS Mortgage Loan Asset-
                                                 Backed Certificates, Series 2004-CB3

                                                 (Signatures retained by attorney)

Dated: 4/8/15                                    Brian R. Katz
                                                 BRIAN R. KATZ
                                                 Attorney for petitioner Douglas Bertsch, Trustee

                                                 (Authorized by email)

8

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Betsy Wannakuwatte, Finance America, LLC, and Mortgage Electronic Registration Systems, Inc. to the properties located at 14 Fig Leaf Court, Sacramento, California, Sacramento County, APN: 226-0360-024-0000 and 1933 Richmond Street, Sacramento, California, Sacramento County, APN: 279-0182-004-0000, is hereby extinguished.

SO ORDERED this 15th day of April, 2015.

_____
Troy L. Nunley
United States District Judge

9

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

**Exhibit A**

*Real Property located at*:

1. 14 Fig Leaf Court, Sacramento, CA (Sacramento County), APN: 226-0360-024-0000;
2. 1933 Richmond Street, Sacramento, CA (Sacramento County), APN: 279-0182-004-0000;
3. 2120 22nd Avenue, Sacramento, CA (Sacramento County), APN: 018-0073-002-0000;
4. 31660 County Road 27, Woodland, CA (Yolo County), APN: 050-110-004-000;
5. 5111 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0153-024-0000;
6. 5231 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0272-014-0000;
7. 5131 S. Land Park Drive, Sacramento, CA (Sacramento County), APN: 016-0233-025-0000;
8. 940 44th Street, Sacramento, CA (Sacramento County), APN: 008-0092-008-0000;
9. 30562 Old Coast Road, Gold Beach, OR (Curry County), Map No. 36-15-25BB, Tax Lot No. 2000;
10. 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI (Hawaii County), Tax Map Key: (3) 6-2-019-029;
11. 879 F Street, West Sacramento, CA (Yolo County), APN: 010-340-021-000;

*Vehicles described as*:

12. a 2008 Infiniti M45S, VIN: JNKBY01EX8M500746, CA Plate: 6GLR121;
13. a 2003 BMW X5 (Wagon), VIN: 5UXFB93513LN79937, CA Plate: 5ATD906;

*Financial Accounts described as*:

14. Approximately $150,000.00 held in a California Bank and Trust certificate of deposit, account number CD 1250006713;
15. Approximately $394.49 held in California Bank and Trust account number 12-501320-11, held in the name of Capital Sports Management, LLC;
16. Approximately $356.49 held in California Bank and Trust account number 12-501196-91, held in the name of Clover Ranch, LLC;
17. Approximately $625.23 held in California Bank and Trust account number 12-501336-81, held in the name of DBS Air, LLC;
18. Approximately $4,466.35 held in California Bank and Trust account number 12-502271-56, held in the name of Deepal S. and Betsy K. Wannakuwatte;
19. Approximately $84.22 held in California Bank and Trust account number 12-501646-46, held in the name of Deepal Wannakuwatte & David L. Gordon;
20. Approximately $2,056.86 held in California Bank and Trust account number 12-500901-81, held in the name of Jamestown Health & Medical Supply Co, LLC;
21. Approximately $76.02 held in California Bank and Trust account number 12-501039-39, held in the name of JTS Communities, Inc.;
22. Approximately $304.53 held in California Bank and Trust account number 12-501140-39, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
23. Approximately $38.51 held in California Bank and Trust account number 12-501273-61, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
24. Approximately $490.00 held in California Bank and Trust account number 12-501248-51, held in the name of Wannas Serendipity Charitable Foundation;
25. Approximately $44.23 held in East West Bank account number 26-140011985, held in the name of Deepal S. or Betsy K. Wannakuwatte;
26. Approximately $52.00 held in East West Bank account number 80-78001453, held in the name of Denniston DB, LLC;
27. Approximately $68,348.28 held in East West Bank account number 80-78001230, held in the name of International Manufacturing Group, Inc.;
28. Approximately $37,668.48 held in Farmers and Merchants Bank account number

10

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

          31-014895-01, held in the name of International Manufacturing Group/dba Relyaid/dba Relyaid Tattoo Supply/dba Desco Dental;

29. Approximately $72.09 held in First Hawaiian Bank account number 67-806727, held in the name of Deepal S. & Betsy K. Wannakuwatte;
30. Approximately $134.45 held in North Valley Bank account number 4302004169, held in the name of International Manufacturing Group, Inc.;
31. Approximately $219.71 held in Bank of the West account number 246-000-760151, held in the name Betsy K. Wannakuwatte;
32. Approximately $3,280.74 held in Bank of the West account number 246-000-76078, held in the name Deepal S. Wannakuwatte;
33. Approximately $17,127.29 held in Bank of the West account number 023-487801, held in the name Olivehurst Glove Manufacturers LLC;
34. Approximately $27,212.22 held in American Funds/The Capital Group account number 62608177, held in the name Deepal Wannakuwatte;

*Insurance Policies described as*:

35. Cash value of Nationwide life insurance policy number 01-5097622, held in the name Deepal Wannakuwatte, valued at approximately $25,258.51;
36. Cash value of Nationwide life insurance policy number N100446510, held in the name Deepal and Betsy Wannakuwatte Irrevocable Trust, valued at approximately $24,831.08;
37. Cash value of Nationwide life insurance policy number N600006930, held in the name International Manufacturing Group, Inc., valued at approximately $104,469.67;

*Checks and Money Orders described as*:

38. Check number 1581 for $10,500.00 dated March 3, 2014, and made payable to Olivehurst Glove Manufacturing, LLC;
39. Check number 06331158 for $564.56 from the U.S. Treasury dated March 4, 2014, and made payable to Olivehurst Glove Manufacturers, LLC;
40. Check number 018012 for $600.00 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
41. Check number 015041 for $648.65 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
42. Check number 0097679894 for $1,300.00 dated April 10, 2014, and made payable to Betsy Wannakuwatte;
43. Personal money order number 7054012632 for $377.00 dated April 4, 2014, with "Pay to the order of" left blank;
44. Personal money order number 0036221324 for $755.00 dated April 4, 2014, and made payable to Betsy Wannakuwatte;

*Other Assets described as*:

45. River Bend Park Apartments, LLC; Entity Number: 201108810009;
46. 1235 Glenhaven Court, LLC, Entity Number: 201103210150; and
47. Cash value of any federal or state income tax refunds due in relation to any federal or state tax returns, either corporate or personal, filed by the defendant between 2002 and 2014.

11

## Exhibit B
(Real property at 14 Fig Leaf Court, Sacramento, California)

The following described real property in the City of Sacramento, County of Sacramento, State of California:

Lot 24, as shown on the "Plat of Norwood", recorded in book 196 of Maps, Map No. 7, records of said County.

APN: 226-0360-024-0000

12

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.

**Exhibit C**
(Real property at 1933 Richmond Street, Sacramento, California)

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

LOT 53, AS SHOWN ON THE "PLAT OF ARDEN GLEN", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, JUNE 4, 1953, IN BOOK 34 OF MAPS, MAP NO. 35.

APN: 279-0182-004-0000

13

Stipulation for Final Order of Forfeiture Re
14 Fig Leaf Ct. and 1933 Richmond St.