BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | 2:14-CR-00067 TLN<br><br>STIPULATION FOR AN *AMENDED* FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING REAL PROPERTY AT 2120 22ND AVENUE, SACRAMENTO, CA |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Wells Fargo Bank, N.A. (hereinafter "Wells Fargo" or "petitioner"), to compromise and settle their interest in the real property located at 2120 22nd Avenue, Sacramento, California, Sacramento County, APN: 018-0073-002-0000 and more fully described in Exhibit B attached hereto, and to consent to the entry of an *Amended* Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

1.   On August 1, 2014, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) based upon the plea agreement entered into between plaintiff and defendant Deepal Wannakuwatte forfeiting to the United States the property listed in Exhibit A attached hereto.

2.   Beginning on November 1, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site

www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on December 16, 2014.

3. In relation to this real property, the United States of America completed direct written notice by certified mail to:

    a) Betsy Wannakuwatte
    b) Wells Fargo Bank
    c) Wells Fargo Bank, N.A.
    d) City of Sacramento, Department of Utilities

4. On January 13, 2015, a Final Order of Forfeiture Regarding Real Property at 2120 22nd Avenue, Sacramento, CA was entered forfeiting all right, title, and interest in the property to the United States. ECF No. 91. The Final Order of Forfeiture extinguished all right, title, and interest of Betsy Wannakuwatte, Wells Fargo Bank, N.A., and the City of Sacramento, Department of Utilities in the property

5. On February 18, 2015, Wells Fargo filed an untimely petition alleging an interest in the real property located at 2120 22nd Avenue, Sacramento, California, Sacramento County, APN: 018-0073-002-0000 (the "property"), alleging as follows:

    a. Petitioner is the holder of a Promissory Note ("the Note") in the principal amount of $362,659.00, secured by a Deed of Trust on the property. The Note and Deed of Trust were signed by Kristen D. Miller and Tyler J. Miller on or about November 30, 2007. The Deed of Trust was recorded on December 5, 2007, in the recorder's office of the County of Sacramento, California, as Book 20071205 Page 0919.

    b. On or about November 5, 2007, Kristen D. Miller and Tyler J. Miller executed a Grant Deed transferring their interest in the property to Defendant Deepal Wannakuwatte and his wife, Betsy Wannakuwatte. The Grant Deed was recorded in the recorder's office of the County of Sacramento, California on April 14, 2008, as Book 20080414 Page 1619.

    c. As of February 10, 2015, the principal due and owing under the Note was $328,696.84, and the interest due and owing was $23,145.72. The Note is presently in default and has

been continuously in default since March 1, 2014.  In addition, Wells Fargo has paid casualty insurance premiums, attorney's fees, and costs.

6. No other parties have filed petitions in this matter regarding this property, and the time in which any person or entity may file a petition has expired.

7. The parties hereby stipulate that Wells Fargo is a lien holder on the property.  Wells Fargo has a legal right, title, or interest in the property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Wannakuwatte at the time of the commission of the acts which give rise to the forfeiture of the property.  *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)).  The parties further stipulate, however, that Deepal Wannakuwatte has an ownership interest in the property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

8. The parties agree that the sale of the property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property.  Any and all personal possessions not removed within thirty days from the entry of the January 13, 2015 Final Order of Forfeiture will be disposed of by the United States without further notice.

9. The United States agrees that upon entry of this *Amended* Final Order of Forfeiture and sale of the property pursuant to this *Amended* Final Order of Forfeiture, the United States will not contest payment to Wells Fargo from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the property, the following:

  a. A settlement payment of $185,000.00 to Wells Fargo.

  b. To the United States, all net proceeds from the sale of the property after the above disbursements to be forfeited to the United States and disposed of as provided for by law.

10. The payment to petitioner Wells Fargo shall be in full settlement and satisfaction of all claims and petitions by them to the property, and of all claims arising from and relating to the detention and forfeiture of the property.

11. Upon payment, Wells Fargo agrees to assign and convey their respective security or other interests to the United States via recordable documents.  All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 2120 22nd Avenue, Sacramento, CA, Sacramento County.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. Petitioner agrees not to pursue against the United States any other rights that they may have under the Promissory Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

13. Petitioner understands and agrees that by entering into this stipulation of their interest in the property, they waive any right to litigate further their ownership interest in the property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for an *Amended* Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, petitioner shall be excused and relieved from further participation in this action.

14. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the $185,000.00, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture

at any time and release the property. In either event, the United States shall promptly notify petitioner of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

15. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the property to the United States and to implement further the terms of this Stipulation.

16. Each party agrees to bear its own costs and attorneys' fees.

17. Payment to the petitioner pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this *Amended* Final Order of Forfeiture.

18. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

19. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: 5/15/15                                         BENJAMIN B. WAGNER
                                                       United States Attorney

                                           By:         /s/ Kevin C. Khasigian
                                                       KEVIN C. KHASIGIAN
                                                       Assistant U.S. Attorney


Dated: 5/15/15                                         PITE DUNCAN, LLP


                                                       /s/ Diane E. Bond
                                                       DIANE E. BOND
                                                       Attorney for petitioner
                                                       Wells Fargo Bank, N.A.

                                                       (Signature retained by attorney)

///

///

///

## ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters an *Amended* Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Betsy Wannakuwatte and the City of Sacramento, Department of Utilities to the property located at 2120 22nd Avenue, Sacramento, California, Sacramento County, APN: 018-0073-002-0000, is hereby extinguished.

SO ORDERED this 18th day of May, 2015.

_____
Troy L. Nunley
United States District Judge

**Exhibit A**

*Real Property located at*:

1. 14 Fig Leaf Court, Sacramento, CA (Sacramento County), APN: 226-0360-024-0000;
2. 1933 Richmond Street, Sacramento, CA (Sacramento County), APN: 279-0182-004-0000;
3. 2120 22nd Avenue, Sacramento, CA (Sacramento County), APN: 018-0073-002-0000;
4. 31660 County Road 27, Woodland, CA (Yolo County), APN: 050-110-004-000;
5. 5111 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0153-024-0000;
6. 5231 Pleasant Drive, Sacramento, CA (Sacramento County), APN: 016-0272-014-0000;
7. 5131 S. Land Park Drive, Sacramento, CA (Sacramento County), APN: 016-0233-025-0000;
8. 940 44th Street, Sacramento, CA (Sacramento County), APN: 008-0092-008-0000;
9. 30562 Old Coast Road, Gold Beach, OR (Curry County), Map No. 36-15-25BB, Tax Lot No. 2000;
10. 62-3955 Kaunaoa Iki Road, #6A, Kamuela, HI (Hawaii County), Tax Map Key: (3) 6-2-019-029;
11. 879 F Street, West Sacramento, CA (Yolo County), APN: 010-340-021-000;

*Vehicles described as*:

12. a 2008 Infiniti M45S, VIN: JNKBY01EX8M500746, CA Plate: 6GLR121;
13. a 2003 BMW X5 (Wagon), VIN: 5UXFB93513LN79937, CA Plate: 5ATD906;

*Financial Accounts described as*:

14. Approximately $150,000.00 held in a California Bank and Trust certificate of deposit, account number CD 1250006713;
15. Approximately $394.49 held in California Bank and Trust account number 12-501320-11, held in the name of Capital Sports Management, LLC;
16. Approximately $356.49 held in California Bank and Trust account number 12-501196-91, held in the name of Clover Ranch, LLC;
17. Approximately $625.23 held in California Bank and Trust account number 12-501336-81, held in the name of DBS Air, LLC;
18. Approximately $4,466.35 held in California Bank and Trust account number 12-502271-56, held in the name of Deepal S. and Betsy K. Wannakuwatte;
19. Approximately $84.22 held in California Bank and Trust account number 12-501646-46, held in the name of Deepal Wannakuwatte & David L. Gordon;
20. Approximately $2,056.86 held in California Bank and Trust account number 12-500901-81, held in the name of Jamestown Health & Medical Supply Co, LLC;
21. Approximately $76.02 held in California Bank and Trust account number 12-501039-39, held in the name of JTS Communities, Inc.;
22. Approximately $304.53 held in California Bank and Trust account number 12-501140-39, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
23. Approximately $38.51 held in California Bank and Trust account number 12-501273-61, held in the name of SKW Trading & Marketing/Sarah K. Wannakuwatte;
24. Approximately $490.00 held in California Bank and Trust account number 12-501248-51, held in the name of Wannas Serendipity Charitable Foundation;
25. Approximately $44.23 held in East West Bank account number 26-140011985, held in the name of Deepal S. or Betsy K. Wannakuwatte;
26. Approximately $52.00 held in East West Bank account number 80-78001453, held in the name of Denniston DB, LLC;
27. Approximately $68,348.28 held in East West Bank account number 80-78001230, held in the name of International Manufacturing Group, Inc.;

Stipulation to *Amend* the Final Order of Forfeiture Regarding 2120 22nd Avenue

28. Approximately $37,668.48 held in Farmers and Merchants Bank account number 31-014895-01, held in the name of International Manufacturing Group/dba Relyaid/dba Relyaid Tattoo Supply/dba Desco Dental;
29. Approximately $72.09 held in First Hawaiian Bank account number 67-806727, held in the name of Deepal S. & Betsy K. Wannakuwatte;
30. Approximately $134.45 held in North Valley Bank account number 4302004169, held in the name of International Manufacturing Group, Inc.;
31. Approximately $219.71 held in Bank of the West account number 246-000-760151, held in the name Betsy K. Wannakuwatte;
32. Approximately $3,280.74 held in Bank of the West account number 246-000-76078, held in the name Deepal S. Wannakuwatte;
33. Approximately $17,127.29 held in Bank of the West account number 023-487801, held in the name Olivehurst Glove Manufacturers LLC;
34. Approximately $27,212.22 held in American Funds/The Capital Group account number 62608177, held in the name Deepal Wannakuwatte;

*Insurance Policies described as*:

35. Cash value of Nationwide life insurance policy number 01-5097622, held in the name Deepal Wannakuwatte, valued at approximately $25,258.51;
36. Cash value of Nationwide life insurance policy number N100446510, held in the name Deepal and Betsy Wannakuwatte Irrevocable Trust, valued at approximately $24,831.08;
37. Cash value of Nationwide life insurance policy number N600006930, held in the name International Manufacturing Group, Inc., valued at approximately $104,469.67;

*Checks and Money Orders described as*:

38. Check number 1581 for $10,500.00 dated March 3, 2014, and made payable to Olivehurst Glove Manufacturing, LLC;
39. Check number 06331158 for $564.56 from the U.S. Treasury dated March 4, 2014, and made payable to Olivehurst Glove Manufacturers, LLC;
40. Check number 018012 for $600.00 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
41. Check number 015041 for $648.65 dated February 6, 2014, and made payable to Deepal S. and Betsy K. Wannakuwatte;
42. Check number 0097679894 for $1,300.00 dated April 10, 2014, and made payable to Betsy Wannakuwatte;
43. Personal money order number 7054012632 for $377.00 dated April 4, 2014, with "Pay to the order of" left blank;
44. Personal money order number 0036221324 for $755.00 dated April 4, 2014, and made payable to Betsy Wannakuwatte;

*Other Assets described as*:

45. River Bend Park Apartments, LLC; Entity Number: 201108810009;
46. 1235 Glenhaven Court, LLC, Entity Number: 201103210150; and
47. Cash value of any federal or state income tax refunds due in relation to any federal or state tax returns, either corporate or personal, filed by the defendant between 2002 and 2014.

8

Stipulation to *Amend* the Final Order of Forfeiture Regarding 2120 22nd Avenue

**Exhibit B**

All that certain Property in the City of Sacramento, County of Sacramento, State of California described as follows:

LOT 39, AS SHOWN ON THE "PLAT OF COLLEGE TRACT ADDITION NO. 3", RECORDED IN BOOK 33 OF MAPS, MAP NO. 28, RECORDS OF SACRAMENTO COUNTY.

APN: 018-0073-002-0000

Stipulation to *Amend* the Final Order of Forfeiture Regarding 2120 22nd Avenue