UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | No. 2:14-cr-00067-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Deepal Wannakuwatte's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 135.) The Government filed an opposition.  (ECF No. 138.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2014, Defendant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.  (ECF No. 20.)  On November 13, 2014, this Court sentenced Defendant to a 240-month term of imprisonment followed by a 36-month term of supervised release.  (ECF No. 80.)  Defendant is currently serving his sentence at USP Lompoc.  He has served approximately 76 months of his 240-month sentence of imprisonment and his projected release date is March 7, 2031.

On June 18, 2020, Defendant filed the instant *pro se* motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 135.)  Defendant requests the Court reduce his term of imprisonment due to the COVID-19 pandemic.  Defendant is 69 years old and claims he is particularly vulnerable to COVID-19 because he suffers from multiple medical conditions, including serious lung disorders, a severely compromised immune system, hypertension, and gastrointestinal bleeding.  (*Id.* at 4.)  Defendant also emphasizes he previously tested positive for COVID-19.  (*Id.*)  Defendant cites the conditions of his confinement at USP Lompoc as an additional factor in his vulnerability.  In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (ECF No. 138 at 9–15.)

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

2

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 23, 2020. The warden denied Defendant's request on May 13, 2020. Because more than 30 days have elapsed since April 23, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Although Defendant claims to suffer from multiple, serious medical conditions, he fails to submit any medical documentation to confirm that he actually suffers from those conditions. Defendant also fails to specify the nature of his serious lung disorders or the cause of his severely compromised immune system. For its part, the Government correctly notes that the presentencing report ("PSR") indicates Defendant underwent full knee replacement in 2012 and injured his left wrist in May 2014, but otherwise indicates Defendant is in good health. The Government also submits Defendant's BOP medical records — filed under seal — which do not include any information about Defendant's claimed serious lung disorders, severely compromised immune system, or gastrointestinal bleeding. BOP records do, however, confirm Defendant has been diagnosed with essential (primary) hypertension.

The Court is mindful that people with certain medical conditions, including hypertension, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his

hypertension qualifies as "extraordinary and compelling" reason for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  As the Government points out, the CDC has not listed essential (primary) hypertension as a condition that puts individuals at a higher risk of severe illness.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (listing pulmonary hypertension but not essential (primary) hypertension and indicating those with hypertension should manage their blood pressure by taking medication as directed) (last visited July 22, 2020).  As it is, the Court has no way of knowing the extent of Defendant's hypertension, and Defendant fails to provide any evidence to confirm the existence or extent of his other alleged medical conditions.

As to his conditions of confinement, Defendant has not shown he is unable to manage his health conditions and minimize his risks through self-care.  To the contrary, it appears USP Lompoc was capable of adequately monitoring and caring for Defendant when he was previously diagnosed with COVID-19.  It is also encouraging that Defendant recovered without any documented complications.  The Court acknowledges USP Lompoc has had one of the worst COVID-19 outbreaks of any federal prison.  But as of the date of this Order, the BOP reports only eight active inmate cases of COVID-19 and 163 recovered inmates at USP Lompoc.  Based on the record before it, the Court cannot say that the past prevalence of the disease at USP Lompoc puts Defendant at great and particularized risk.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging.  *See, e.g.*, *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court DENIES Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his

4

release. Therefore, the Court need not address whether Defendant is a danger to the community or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a defendant to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 135.)

IT IS SO ORDERED.

DATED: July 24, 2020

                                Troy L. Nunley
                                United States District Judge