UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAL WANNAKUWATTE,<br><br>Defendant. | No. 2:14-cr-00067-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Deepal Wannakuwatte's ("Defendant") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 144.) The Government filed an opposition. (ECF No. 151.) Defendant filed a reply. (ECF No. 157.) For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 8, 2014, Defendant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 for his involvement in a large Ponzi scheme. (ECF No. 20.) On November 13, 2014, the Court sentenced Defendant to a 240-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 80.) The Court also ordered Defendant to pay $108,199,452.63 in restitution to his 157 victims. (ECF Nos. 113, 115.)

On March 13, 2024, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 144.) Defendant is currently serving his sentence at

1  FCI-Engelwood.  (ECF No. 151-1.)  He has served approximately 124 months of his 240-month

2  sentence of imprisonment and his projected release date with application of good conduct time is

3  March 7, 2030.  (*Id.*)  Defendant requests the Court reduce his sentence to time served, plus any

4  additional term in a community correction facility and/or under home confinement as the Court

5  might deem appropriate.  (ECF No. 144 at 27.)

6  **II.     ANALYSIS**

7  Generally, a court "may not modify a term of imprisonment once it has been imposed."

8  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

9  compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

10  general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

11  > upon motion of the defendant after the defendant has fully exhausted
12  > all administrative rights to appeal a failure of the Bureau of Prisons
13  > ["BOP"] to bring a motion on the defendant's behalf or the lapse of
    > 30 days from the receipt of such a request by the warden of the
    > defendant's facility, whichever is earlier.

14  18 U.S.C. § 3582(c)(1)(A).

15  In the instant case, Defendant made a request to the warden on January 16, 2024.  (ECF

16  No. 144 at 16.)  Because more than 30 days have elapsed since that request, Defendant has met

17  the threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

18  Despite having met the exhaustion requirement, Defendant is eligible for compassionate

19  release only if he can demonstrate there are "extraordinary and compelling reasons" for a

20  sentence reduction.  18 U.S.C. § 3582(c)(1)(A).  Defendant asserts three extraordinary and

21  compelling reasons for release.  First, Defendant argues he suffers from medical conditions that

22  require long-term or specialized medical care that is not being provided by the BOP.  (ECF No.

23  144 at 16 (citing U.S.S.G. § 1B1.13(b)(1)(C)).)  Specifically, Defendant indicates he suffers from

24  dyspnea, paresthesia, several degenerative joint diseases in the cervical and lumbar spine, chronic

25  periodontitis, severe dental caries, and hypertension.  (*Id.* at 17.)  Second, Defendant argues he is

26  over 65 years old, is experiencing deterioration in health because of the aging process, and has

27  served at least 10 years of his prison sentence.  (*Id.* at 19 (citing U.S.S.G. § 1B1.13(b)(2).)  Third,

28  Defendant argues that, in addition to the circumstances already addressed, he presents a

combination of other circumstances that constitute extraordinary and compelling reasons for a sentence reduction: (1) alleged bad faith conduct by the BOP; (2) family circumstances requiring his help to take care of his wife and her elderly father; (3) his rehabilitation and good conduct while in custody; and (4) the harshness of his time spent in custody during the COVID-19 pandemic. (*Id.* at 20–24 (citing U.S.S.G. § 1B1.13(b)(5)).)

Assuming without deciding that Defendant has shown extraordinary and compelling reasons for his release, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (holding a district court need not make "an explicit 'extraordinary and compelling' finding before denying the motion on account of the § 3553(a) factors").

Defendant argues the § 3553(a) factors warrant a sentence reduction. (ECF No. 144 at 24.) As to his history and characteristics, Defendant argues he is 73 years old, he has spent 10 years in prison, and his health has deteriorated substantially. (*Id.* at 25.) Defendant asserts he has been a model inmate, he has not received any disciplinary infractions, he has taken more than 50 classes, and he has taught and assisted in teaching classes as well. (*Id.*) Defendant cites a statement from administrator Jennifer Owen, who notes Defendant has shown a pattern of programming and volunteering above and beyond his course transcript and has taken on various responsibilities at the facility to benefit the population and institution. (*Id.*)

In addition, Defendant argues the length and nature of the time he has served adequately satisfies the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide adequate deterrence. (*Id.* at 26.) Lastly, Defendant argues the need for the sentence imposed to protect the public and to provide Defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner support a sentence reduction because Defendant presents a low risk of recidivism based on his age and a risk assessment performed by the BOP. (*Id.*) He argues while he is in grave need of adequate medical care, he does not need further educational or vocational training. (*Id.* at 27.)

3

Defendant fails to persuade the Court that the § 3553(a) factors support a reduction from his well-supported, 240-month term of imprisonment. Defendant's 240-month term of imprisonment represents a guideline sentence. (ECF No. 33 at 15.) Although Defendant's base offense level of 40 and criminal history category I establishes a guideline range of 292 to 365 months in prison, the statutory maximum for Defendant's offense is 240 months. (*Id.*) Defendant ran a sophisticated Ponzi scheme to steal over $230,000,000 from over 150 victims, which ultimately generated more than $108,000,000 in losses over a span of 12 years. The Court concludes a sentence reduction is not warranted based on the need for the sentence to reflect the egregious nature and circumstances of Defendant's offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 144.)

IT IS SO ORDERED.

Date: June 26, 2024

Troy L. Nunley
United States District Judge